[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
SUPPLEMENTAL DECISION
This decision supplements the court's earlier decision dated September 20, 1991. It may also serve as rectification, suo moto, of that earlier decision, which is now on appeal to the Appellate Court.
On September 12, 1991, just prior to oral argument on this administrative appeal, the plaintiff filed an "Addendum to Plaintiff's brief." In that addendum, the plaintiff cites decision by the defendant commissioner in another case, In Dominique Brazziel, dated August 28, 1991, which restored an individual's operator's license on the basis that the police officer who administered the chemical blood alcohol test was not certified to do so by the Department of Health Services. The plaintiff argues that the decision indicates that the Department of Motor Vehicles interprets its regulations, section 14-227b-2 in particular, to mean that the testing officer must be certified in order to administer a legally valid test. The plaintiff extends this argument to say that the results of a test administered by a noncertified officer are inadmissible at the departmental administrative hearing.
The court's earlier decision in this case was that the test results were properly admitted as part of the police officer's written report. The decision was based in part on the court's conclusion that the regulations of the Departments of Motor Vehicles and Health Services with respect to certification of the testing officer are not applicable to license suspension proceedings under General Statutes14-227b(f). The court has reconsidered that conclusion and now concludes that the certification provisions of the regulations do apply to such proceedings. That is the plain meaning of Regulations 14-227b-2(c) which provides that "(c)hemical analysis for the purpose of determining the amount of alcohol in the blood of any person shall be performed in accordance with the provisions of Sections 14-227a-1 through14-227a-10 of the Regulations of Connecticut State Agencies."
The conclusion that state regulations require the police officer to be certified to administer chemical blood alcohol tests is not dispositive of this case, however. In Volck v. Muzio, 204 Conn. 507, 516 (1987), the court held that non-compliance with a statutory requirement which does not directly involve one of the four specific issues to be determined pursuant to General Statutes 14-227b(f) does not preclude the suspension of the arrestee's license. Certification of the police officer is not one of those specific issues. Lack of certification does not, therefore, by itself automatically preclude suspension, nor does lack of CT Page 9920 certification render the test results inadmissible in the administrative proceedings. Rather, depending on all of the facts of the individual case, lack of certification may cause the hearing officer reasonably to conclude that the results of the chemical test are not reliable. Such a conclusion would, of course, negate a finding that the individual's blood alcohol level exceeded the legal limit, which is one of the four issues specified in section 14-227b(f).
Based on the foregoing analysis, the results of the test in the present case were admissible in the administrative hearing, as was the various conflicting evidence on the question of the police officer's current certification. As indicated in the court's earlier decision, there was sufficient evidence for the hearing officer to have found that the police officer was certified and that the test results were reliable. Such findings would, in turn, support the further finding that the plaintiff's blood alcohol level exceeded the legal limit pursuant to General Statutes 14-227b(f). The court is not faced with a case where the evidence would not support a finding by the hearing officer that the police officer was certified, nor is it faced with a case where the hearing officer has found that the police officer in fact was not certified.
The court's decision dismissing the plaintiff's appeal is confirmed.
MALONEY, J.